## STANLEY *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. ELEVATED RAILROADS—INJURY TO ABUTTERS—FINDINGS.

   In an action to restrain a railroad company from maintaining and operating its road in front of plaintiff's premises, the refusal of the referee, in determining the damages sustained, to find that the absence of certain improvements was prejudicial to the rental value of the premises, is not a ground for reversal.

2. SAME—NUISANCE.

   Nor does a refusal to find that neither the structure nor the operation of the road had ever constituted a nuisance, imply that the referee proceeded on the theory that it was a nuisance.

3. SAME—EVIDENCE.

   In an action to restrain a railroad company from maintaining and operating its road in front of plaintiff's premises, and from interference with easements appurtenant thereto, evidence as to the effect of the structure on light in the building, and the necessity of using artificial light in the day-time, is evidence of a fact properly admissible.

4. SAME—CINDERS AND DUST.

   Plaintiff may also show the presence of cinders and dust on the sidewalk in front of the premises, occasioned by defendant's operation of its road, as affecting the value of the premises.

Appeal from judgment on report of referee.

Action by Emma Stanley against the New York Elevated Railroad Company and another to restrain the maintenance and operation of a railway. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Davies & Rapallo, (Julien T. Davies* and *Herbert Barry,* of counsel,) for appellants. *Sackett & Bennett, (Charles Gibson Bennett,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to restrain the defendants from maintaining and operating their railroad in front of the plaintiff's premises on Third avenue. The judgment granted such injunction, unless the defendants paid the plaintiff the sum of $1,200 in exchange for a conveyance of the easement appropriated by them, and allowed the plaintiff to recover $478.61 rental damages. The ground upon which a reversal is claimed by the appellants is that the referee erred in refusing to take into consideration a fact material to the consideration of the issues in the action. The referee was asked to find that the building on said lot was without any improvements, bath tubs, ranges, hot water, and elevator, and that this had proved prejudicial to its rental value. This was refused by the referee, and the defendants duly excepted to such ruling.

It is urged that as, upon all the facts, it is clear that, while it is advantageous to a building to possess such improvements, the converse of the proposition is equally true, viz., that the lack of such improvements is prejudicial to the rental value of the premises, and that the referee has failed to appreciate this fact, and its importance in the case, as shown by his ruling upon defendants' proposed finding. But we do not think that the refusal to find

leads to any such result. We do not think that the referee or the court is called upon to find every possible physical fact that may be established by the evidence. We think that the system of findings, as it has now become enlarged, has grown to be a gross abuse, and should be restrained by the appellate court as far as lies in its power. Courts and referees should be called upon to find only the pregnant facts constituting the cause of action or establishing a defense, and not to all the incidental circumstances which may, perhaps, be relevant to the main findings. Any other rule would require the court or referee to find every particle of evidence which might, in the slightest degree, tend to sustain the conclusion. We do not understand that parties are entitled to have every particle of evidence found in the findings of the court or referee, although these circumstances would naturally be considered by the referee in determining the question as to the amount of damages sustained; and the fact that the referee refused to find them in the language requested is no evidence whatever that they were not considered by him.

It is also claimed that the referee erred in the admission of improper evidence, in allowing a witness to state what effect on the light in the store was produced by the structure of the elevated railroad; it being claimed that such a question called for a conclusion of the witness, and not for facts. We do not see the force of this objection. If the structure makes such premises darker, that is a fact which the witness may testify to, and not a conclusion. The answer of the witness was also objected to. He said: "In regard to the light, we have to keep gas burning every day,—all the time." This is claimed to have been incompetent, and stating a conclusion. It seems to be a statement of the fact that they required artificial light to a greater degree than before, because it was darker.

Objection is also taken to the evidence in regard to what was observed in the store, and on the sidewalk in front of the store, in respect to cinders and dust, upon the ground that what was observed on the sidewalk was not within the issue in the action, and was incompetent, irrelevant, and immaterial. The plaintiff had a right to show that in and around the store the atmosphere was vitiated by the dirt and cinders which emanated from the defendants' structure. This necessarily affected the value of the premises, and was an interference with the air which the plaintiff was entitled to receive into her premises.

It is claimed that the referee in his report proceeded upon the erroneous theory that the acts of the defendants constituted a nuisance, and that it was upon this erroneous basis that the judgment was directed in favor of the plaintiff; and that this is evidenced by the fact that the referee refused to find, as requested, that neither the railroad structure, nor the running of trains thereon, has ever been a private nuisance. We are not aware upon what theory the referee was called upon to find what this structure was not. A refusal to find that it was not a nuisance does not, by any means, carry the converse of the proposition. If it was necessary, in order to entitle the plaintiff to recover, for her to establish that it was a nuisance, and all that the referee did was to refuse to find that it was not a nuisance, the appellants would very quickly urge upon the court that there was no finding that it was a nuisance, and therefore there was no basis for a recovery. We see no reason for interfering with the judgment, and it should therefore be affirmed, with costs.

All concur.